IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBY ARRINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-1763-N |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Wal-Mart Stores Texas, LLC's ("Wal-Mart") objections to Plaintiff Ruby Arrington's summary judgment evidence [20] and Wal-Mart's motion for summary judgment [12]. For the following reasons, the Court sustains in part Wal-Mart's objections to Arrington's summary judgment evidence and grants Wal-Mart's motion for summary judgment.

**I. ORIGINS OF THE DISPUTE**

Arrington alleges that she slipped and fell while shopping in a Dallas Wal-Mart. Pl. Ruby Arrington's Br. Opp'n Def.'s Mot. Summ. J. 1 ("Pl.'s Opp'n") [17]. She claims that an employee spilled chicken grease on the floor while the employee was restocking the shelves. *Id.* Arrington claims that a few minutes after the spill, she fell and instantly felt severe pain. *Id.* After the fall, Arrington alleges that she had to seek medical treatment. *Id.* at 11. Arrington originally filed this case in state court. Wal-Mart removed the case and now seeks summary judgment.

## II. THE COURT SUSTAINS IN PART WAL-MART'S OBJECTIONS TO ARRINGTON'S SUMMARY JUDGMENT EVIDENCE

The Court sustains in part Wal-Mart's objections to Arrington's summary judgment evidence. Arrington provided still photographs capturing moments from Wal-Mart's surveillance footage. *See* Pl. Ruby Arrington's App. Supp. Opp'n Def.'s Mot. Summ. J. ("Pl's App."), Ex. F [18]. Arrington's attorney, Hutton Sentell, attached descriptions to each photograph. *Id.* Wal-Mart objects to Sentell's authentication of the photographs and Sentell's descriptions of photographs 6, 7, 8, 9, 10, 11, 13, and 14. Defs.' Objs. Evid. Submitted Supp. Pl.'s Resp. Defs.' Mot. Traditional and No-Evid. Summ. J. ("Def.'s Objs.") 2–10 [20]. Wal-Mart argues that the descriptions are irrelevant and speculative. *Id.*

Any witness can identify and authenticate evidence as long as the proponent produces enough evidence to support a finding that the item is what the proponent claims it to be. FED. R. EVID. 901(a). Sufficient evidence can include testimony from a witness with knowledge of the evidence. FED. R. EVID. 901(b).

Additionally, Federal Rules of Evidence 701 and 702 permit expert and lay witnesses to testify to their opinions. *See* FED. R. EVID. 701, 702. A lay witness may only testify to matters within the witness's personal knowledge. FED. R. EVID. 602. Lay witnesses cannot speculate. *See id.* Their opinions must be based on their rationally based perception that is helpful to the factfinder and not based on scientific, technical, or other specialized knowledge. FED. R. EVID. 701.

Here, the Court overrules Wal-Mart's objections to Sentell's authentication of the photographs. Sentell states that he reviewed the surveillance video and created still photographs from the video. Pl.'s App., Ex. F 83–84. As a witness with knowledge of the video, his testimony is sufficient to authenticate the photographs.

However, the Court finds that Sentell's photograph descriptions are speculative and sustains Wal-Mart's objections to these descriptions. Sentell makes no claim to be an expert in photograph interpretation, so the Court finds that Sentell's descriptions are lay witness opinions. In Sentell's descriptions of photographs 6, 7, 8, 9, 10, 11, 13, and 14, he states that the photographs depict a Wal-Mart employee and what appears to be a cart of rotisserie chicken. *Id.* However, the Court finds that these descriptions are not based on Sentell's rationally based opinion. Rather, the Court concludes that Sentell merely speculates as to what he believed was happening in each photograph. Accordingly, the Court sustains Wal-Mart's objections to Sentell's descriptions.

### III. SUMMARY JUDGMENT LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the Court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, she "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [her] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in her favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, a nonmovant does not satisfy her burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotations and citations omitted). Indeed, factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

## IV. THE COURT GRANTS WAL-MART'S MOTION FOR SUMMARY JUDGMENT

The Court grants Wal-Mart's motion for summary judgment because the Court finds Arrington fails to raise a fact issue regarding whether Wal-Mart had knowledge of the spill prior to her fall. In a premises liability claim, the plaintiff must show: (1) the owner's actual or constructive knowledge of the condition; (2) the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use reasonable care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Actual or constructive knowledge requires the plaintiff to establish at least one of the following: (1) the owner created the condition; (2) the owner actually knew of the condition; or (3) it was more likely than not that the condition was on the floor long enough to give the owner a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Here, Arrington fails to provide more than a scintilla of evidence that Wal-Mart created the condition, that Wal-Mart actually knew of the condition, or that Wal-Mart should have discovered the condition.

### A. *Arrington Does Not Provide Any Evidence Showing that Wal-Mart Caused the Spill*

Arrington does not provide any facts showing that Wal-Mart caused the spill. Arrington argues that the footage reveals a Wal-Mart employee restocking the rotisserie chicken shelves in the area where she fell approximately twenty minutes prior to her fall. Pl.'s Opp'n 8. While Arrington argues that this creates a fact issue that a Wal-Mart employee caused the spill, the Court disagrees. First, the footage does not provide any

evidence of the identity of the figure. The footage depicts a blurry image of a person, but the footage does not provide any evidence suggesting that this figure might have been a Wal-Mart employee. The Court cannot decipher any of the figure's features, and Arrington provides no additional evidence that identifies this figure or that suggests a Wal-Mart employee was in the area.

Next, Arrington states that the evidence shows that the employee was coming from the back of the store to restock the shelves, which suggests the employee could have caused the spill. *Id.* However, the Court finds that Arrington's statement is just speculation. The footage reveals that the figure is near an opening by the shelves, but the footage does not show that this area led to the back of the store, that it led to the restock area, or that it led to an employee-only portion of the store.

Further, the figure is standing next to a cart, but the footage does not provide any evidence, beyond speculation, that this was a restocking cart carrying rotisserie chicken. In fact, the Court finds that the footage does not clearly show that any items were on the cart. Without more, Arrington does not raise a fact issue that a Wal-Mart employee could have been in the area, that the employee could have been restocking rotisserie chickens, or that the employee could have caused the spill.

Nevertheless, assuming that the footage depicts an employee restocking the rotisserie chicken shelves, Arrington still fails to provide more than a scintilla of evidence that this employee caused the spill. Even with this assumption, the Court finds that Arrington's suggestion that the employee caused the spill is nothing more than speculation. Arrington's evidence, at most, shows that the employee was in the same area with the

MEMORANDUM OPINION AND ORDER – PAGE 6

rotisserie chicken cart. Without more, the Court finds that Arrington fails to provide more than a scintilla of evidence that the employee caused the spill.

### B. Arrington Does Not Provide Any Evidence Showing that Wal-Mart Had Actual Knowledge of the Spill

Second, Arrington provides no evidence that anyone at Wal-Mart had actual knowledge of the spill. Arrington does not provide any evidence that any Wal-Mart employee saw or knew of the spill. More specifically, Arrington states that she did not know if anyone at the store knew about the spill. Pl's App., Ex. A 34, ln. 15–17 [18]. Accordingly, the Court finds that Arrington did not provide any evidence to establish that Wal-Mart had actual knowledge of the spill.

### C. Arrington Does Not Provide Any Evidence Showing that Wal-Mart Should Have Discovered the Spill

Finally, the Court finds that Arrington did not create a fact issue that Wal-Mart should have discovered the spill. When the plaintiff relies on circumstantial evidence to prove constructive notice, the evidence must show that it is more likely than not that the condition existed long enough that the owner had a reasonable opportunity to discover the condition. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). Constructive notice requires some temporal evidence in order to create a fact issue that the owner had an opportunity to discover the condition. *Id.* However, "[a]n employee's proximity to a hazard, without evidence indicating how long the hazard was there, merely indicates that it was *possible* for the owner to discover the condition." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) (emphasis in original). But showing a mere possibility is not enough. *See Wal-Mart Stores, Inc.*, 968 S.W.2d at 938.

MEMORANDUM OPINION AND ORDER – PAGE 7

Here, the Court finds that Arrington did not provide sufficient evidence to show that Wal-Mart should have discovered the spill. First, Arrington provides no evidence that an employee was in close proximity to the spill. While Arrington tries to suggest that an employee was in close proximity to the spill prior to her fall, the Court finds that her evidence shows that two people stood near the area of the spill before her fall. *See* Pl.'s App., Ex. E, F. The Court concludes that the images do not create a fact issue that an employee was near the spill.

Nevertheless, assuming that the figure was an employee, the Court finds Arrington does not provide any evidence to establish that Wal-Mart should have discovered the spill. Arrington does not provide any evidence of when the spill occurred. Arrington states she does not know when the spill happened, and she does not present any other evidence to create an inference of when the spill occurred. *See* Pl's App., Ex. A 34, ln. 13–14. Without any temporal evidence, Arrington cannot create a fact issue that the spill existed long enough to establish constructive notice. Thus, the Court finds that Arrington fails to present more than a scintilla of evidence that Wal-Mart should have known about the spill.

## CONCLUSION

The Court sustains Wal-Mart's seven objections to Sentell's descriptions of photographs 6, 7, 8, 9, 10, 11, 13, and 14. Further, the Court finds Arrington fails to provide more than a scintilla of evidence that Wal-Mart had actual or constructive knowledge of the spill prior to her fall. Accordingly, the Court grants Wal-Mart's motion summary judgment.

Signed November 18, 2019.

David C. Godbey
United States District Judge